**SO ORDERED.**

**SIGNED this 01 day of April, 2011.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

MILLWORK SPECIALTIES, INC.　　　　　　　CASE NO.  09-07010-8-RDD
　　　　　　　　　　　　　　　　　　　　　CHAPTER 11
　　DEBTOR

ORDER APPOINTING CHAPTER 11 TRUSTEE

Pending before the Court is the Motion for the Appointment of Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104[1] filed by the Unsecured Creditors Committee (the "Committee") on March 21, 2011 (the "Motion") and the Response to the Motion for Appointment of Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104 and Motion for Leave to Modify Plan filed by Millwork Specialties, Inc. (the "Debtor") on March 29, 2011 (the "Response").  The Court conducted a hearing in Wilson, North Carolina on March 30, 2011 to consider the Motion and the Response.

On April 20, 2010, the Court entered an Order Confirming Chapter 11 Plan.  The confirmed plan required that the Debtor pay certain amounts to the unsecured creditors in quarterly payments

---

[1] At the hearing, counsel for the Committee noted that since the case had been confirmed, his motion should have been brought under Section 1112(b) of the Bankruptcy Code as opposed to Section 1104.

plus an amount equal to fifty percent (50%) of the net cash flow of the Debtor's business, after payment of secured claims and operating costs, over a period of five (5) years.

Two quarterly payments in the amount of $33,750.00 each were made to unsecured creditors. However, the Debtor failed to make its January 15, 2011 payment. Pursuant to the Motion, the Committee alleges that the Debtor is selling its assets and winding down its affairs. The Committee contends that the Debtor's involvement with the sale of its assets will yield a higher return for creditors but believes that a Chapter 11 Trustee should be appointed to oversee liquidation, possible conversion to Chapter 7, and payment of claims in accordance with the Bankruptcy Code.

The Response admits that the Debtor was unable to make its January 2011 payment to the unsecured creditors. Furthermore, it recognizes that the Debtor intends to wind down its business and liquidate its assets. However, the Debtor contends that the principals of the Debtor have been more than cooperative throughout this case and could efficiently and properly conduct the orderly liquidation of its assets and achieve the best possible return without the additional cost of a Chapter 11 Trustee.

Russell Worley testified that the Debtor has a few outstanding orders to complete that would generate approximately $6,000.00 - $8,000.00 in sales. At the present time, he has two employees who are manufacturing the doors for the orders and completing deliveries. Mr. Worley and his accounting assistant are not receiving a salary at this time. He testified that the monthly operating expenses are $10,000.00. This amount includes the monthly rent for the building where the Debtor operates its business. This building is owned by Red Hill Properties, LLC, an entity owned by Russell Worley and Brenda Worley.

Mr. Worley testified that he and his father, Emory Worley, made several loans to the Debtor since confirmation in order to cover the Debtor's operating expenses. The Debtor did not execute a promissory note in connection with these purported loans made by insiders. Furthermore, throughout the history of this case, extensive testimony was presented about funds provided to the Debtor by Mr. Worley.

Mr. Worley stated that he had received some offers for certain equipment and inventory and that he would cooperate with a Chapter 11 Trustee to liquidate the assets. One of those offers was from Myrtle Beach Building Supply, a company that previously had a partnership with the Debtor and Southeast Building Supply, which also recently closed its doors.

Mr. Worley also testified that some of the inventory of the Debtor was being stored at a building owned by Red Hill Properties, LLC. He stated that this real property was under a contract for sale and that the inventory would need to be removed from this location.

Subsection (b) of Section 1112 of the Bankruptcy Code was clarified by technical amendments effective December 22, 2010. *See* Bankruptcy Technical Corrections Act of 2010, Pub. L. 111-327, 124 Stat. 3557 (Dec. 22, 2010). Section 1112(b)(1) now provides:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or examiner is in the best interests of creditors and the estate.

The change in the statute eliminated the defense of unusual circumstances. *In re Landmark Atlantic Hess Farm, LLC*, 2011 Bankr. LEXIS 739 (Bankr. Md. March 3, 2011). Unless the specific circumstance as described in Sections 1112(b)(2) or 1112(c) apply, the court shall dismiss or convert

the case, or appoint a chapter 11 trustee or an examiner upon the showing of cause. *Landmark*, 2011 Bankr. LEXIS 739 * 6.

Examples of cause are set forth in Section 1112(b)(4). Section 1112(b)(4)(A) provides that cause for dismissal or conversion could be "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation."

There is no question that the Debtor is in default under the confirmed plan. Mr. Worley testified that he has begun liquidating the Debtor's assets and soliciting offers for the sale of other assets. Furthermore, the Debtor's monthly operating expenses are in excess of revenues thereby reducing assets of the Debtor.

Since the petition was filed, Russell Worley has made two loans to the Debtor, one loan for $14,726.00 and a second loan for $87,000.00 for payroll costs. In addition, Emory Worley has also loaned the Debtor funds in the amount $41,000.00. Based on the Response filed by the Debtor, the Worleys have loaned the Debtor $65,800.00 since the confirmation of this case.

The Debtor recognizes that it has no likelihood of reorganization and seeks to modify its confirmed plan such that it could liquidate its assets. The Court believes that given the number of insider transactions and the continued diminution of the estate, cause exists for the appointment of a Chapter 11 Trustee and the appointment is in the best interest of creditors.

Therefore, based on the pleadings filed in this case and the evidence presented, the Court finds that the appointment of a Chapter 11 Trustee is appropriate in this case. The Court having considered the testimony presented and for good cause shown, hereby appoints Stephen L. Beaman, Esquire, of Wilson, North Carolina as Chapter 11 trustee pursuant to 11 U.S.C. § 1112.

Furthermore, Mr. Beaman shall exercise all the powers and duties of a trustee pursuant to 11 U.S.C. § 1106(a).

**SO ORDERED**.

**END OF DOCUMENT**