SO ORDERED.

SIGNED this 04 day of May, 2012.

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

MILLWORK SPECIALTIES, INC.,                CHAPTER 7
                                            CASE NO. 09-07010-8-RDD
    DEBTOR

ORDER GRANTING APPLICATION FOR
ALLOWANCE AND PAYMENT OF AN ADMINISTRATIVE EXPENSE

Pending before the Court is the Application of Redhill Properties, LLC for Allowance and Payment of an Administrative Expense (the "Application") filed by Redhill Properties, LLC on October 14, 2011 and the Response and Objection to Administrative Expenses filed by Stephen L. Beaman the Chapter 7 Trustee, on November 28, 2011 (the "Response"). The Court conducted a hearing on April 25, 2012 in Wilson, North Carolina to consider the Application and the Response.

Millwork Specialties, Inc. (the "Debtor") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") on August 19, 2009. The Debtor's case was converted to a case under Chapter 7 of the Bankruptcy Code on May 10, 2011.

In the Application, Redhill Properties, LLC ("Redhill") seeks payment pursuant to two leases for nonresidential real property assumed by the Debtor in the Chapter 11 Plan of Reorganization (the "Plan") confirmed by this Court on April 20, 2010. The Plan assumes the lease for real property at

6260 Ocean Highway SW, Sunset Beach, North Carolina ("Sunset Beach Property") at the rental rate of $12,000.00 per month and the lease of 2530 James B. White Highway, Whiteville, North Carolina ("Whiteville Property) at the rental rate of $8,000.00 per month. The Debtor operated as a debtor-in-possession throughout the Chapter 11 case and made use of the Sunset Beach and Whiteville Properties to manufacture doors and windows. When the Debtor's case was converted and the Court appointed the Chapter 7 Trustee, the Debtor's operation ceased and the properties were primarily used to store the assets of the Debtor before they were liquidated by the Trustee. The Trustee occupied the Sunset Beach and Whiteville Properties for storage until July 2011. At that point, the Trustee rejected the lease pursuant to 11 U.S.C. § 365(a).

The Application requests payment for rent for the months of June and July 2011 for both but reduces the rental rate from $12,000.00 to $8,000 for the Sunset Beach Property and from $8,000.00 to $3,500.00 for the Whiteville Property. Redhill seeks a total of $23,000.00 in rent for June and July 2011 as an administrative expense pursuant to 11 U.S.C. 503(b)(7).

The Bankruptcy Code provides for the payment, as an administrative expense, for "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). Such expenses include claims resulting from "a nonresidential real property lease previously assumed under section 365, and subsequently rejected . . . ." 11 U.S.C. § 503(b)(7).

Approval of actual expenses requires a finding that the claim arises from a post-petition transaction between a creditor and the debtor-in-possession. *Merry-Go-Round Enter. Inc. v. Simon DeBartolo Group, L.P.*, 180 F.3d 149, 157 (4th Cir. 1999). To qualify as necessary expenses, the consideration supporting the claimant's right to payment must be beneficial to the debtor-in-

possession in the operation of business. *Id*. The party claiming entitlement to an administrative expense bears the burden of proving the administrative claim is actual and necessary. *Id*.

The Court finds Redhill is entitled to $23,000.00 as an administrative expense for the use Sunset Beach and Whiteville Properties under nonresidential real property leases previously assumed under § 365 and subsequently rejected. The Court finds the expenses were actual and necessary to the continuation of the Debtor's operation at the time that the leases were assumed.

When a lease assumed under a confirmed plan is rejected pursuant to § 365 after the bankruptcy case has been converted under 11 U.S.C. § 1112, then the rejection is deemed to have occurred immediately before the date of the conversion. 11 U.S.C. § 365(g)(2)(B)(i); *Klein Sleep Prod., Inc. v. Costitch*, 78 F.3d 18, 26 (2nd Cir. 1996). In the present case, the Debtor assumed the lease with Redhill in the Plan confirmed on April 20, 2010. The Debtor's case was subsequently converted to a Chapter 7 case on May 10, 2011. The Chapter 7 Trustee rejected the leases approximately two months later. Therefore, applying § 365(g)(2)(B)(i), the Court must treat the rejections as if they occurred immediately prior to the conversion of the Debtor's case from Chapter 11. Any claims arising from the rejection of the leases must be classified as a Chapter 11 administrative expense. *Klein Sleep Prod., Inc.*, 78 F.3d at 26 (finding "[w]hen a reorganization case is converted to a liquidation proceeding after the lease has been assumed but before it is rejected, breach is deemed to have occured immediately before the conversion"); *see also Merry-Go-Round Enter. Inc.*, 180 F.3d at 156 (holding claims from a post-conversion breach of a post-petition commercial lease entered into by a Chapter 11 debtor receive treatment as a Chapter 11 administrative expense).

Therefore, the Application is **GRANTED**. Pursuant to § 365(g)(2)(B)(i), Redhill's claim shall be classified as a Chapter 11 administrative expense in the amount of $23,000.00 and is subordinated to Chapter 7 administrative expenses pursuant to 11 U.S.C. § 726(b).

**SO ORDERED.**

**END OF DOCUMENT**