**SO ORDERED.**

**SIGNED this 04 day of May, 2012.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

MILLWORK SPECIALTIES, INC.,                CHAPTER 7
                                           CASE NO. 09-07010-8-RDD
    DEBTOR

**ORDER GRANTING IN PART AND DENYING IN PART APPLICATION
FOR ALLOWANCE AND PAYMENT OF AN ADMINISTRATIVE EXPENSE**

Pending before the Court is the Application for Allowance and Payment of an Administrative Expense filed by Emory G. Worley on October 20, 2011 (the "Application") and the Response and Objection to Administrative Expenses filed by Stephen L. Beaman the Chapter 7 Trustee, on January 23, 2012 (the "Response"). The Court conducted a hearing on April 25, 2012 in Wilson, North Carolina to consider the Application and the Response.

Millwork Specialties, Inc. (the "Debtor") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") on August 19, 2009. The Debtor's case was converted to a case under Chapter 7 of the Bankruptcy Code on May 10, 2011.

In the Application, Emory G. Worely, requests reimbursement of expenses paid on behalf of the Debtor and loans to the Debtor in the amount of $17,767.69. Mr. Worley made payments on behalf of the Debtor to its suppliers in the amount of $2,767.69 to insure fulfillment of customer

orders. Mr. Worley also made a loan to the Debtor in the amount of $15,000.00 on August 9, 2010, which the Debtor used for payment of employee payroll taxes.

The Chapter 7 Trustee objected to the approval of the administrative expenses on the basis that the expenses constitute an extension of credit to the Debtor without approval from the Court. However, the Bankruptcy Code allows the trustee to "obtain unsecured credit and incur unsecured debt in the ordinary course of business allowable under section 503(b)(1) . . . as an administrative expense. 11 U.S.C. § 364(a).[1] Therefore, the Court finds Mr. Worley is entitled to an administrative expense claim for funds used by the Debtor in the ordinary course of the Debtor's business.[2]

The Bankruptcy Code provides for the payment, as an administrative expense, for "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). Approval of actual expenses requires a finding that the claim arises from a post-petition transaction between a creditor and the debtor in possession. *Merry-Go-Round Enter. Inc. v. Simon DeBartolo Group, L.P.*, 180 F.3d 149, 157 (4th Cir. 1999). To qualify as necessary expenses, the consideration supporting the claimant's right to payment must be beneficial to the debtor in possession in the operation of business. *Id*. The party claiming entitlement to an administrative expense bears the burden of proving the administrative claim is actual and necessary. *Id*.

In the present case, the Court finds the payments to suppliers totaling $2,767.69 on behalf of the Debtor were made in the ordinary course of business pursuant to § 364(a). Furthermore, the

---

[1] Although this section refers to the "trustee," the rights granted to the trustee are also extended to debtors-in-possession. 11 U.S.C. § 1107(a).

[2] Neither Mr. Worley nor the Chapter 7 Trustee presented evidence that the payments Mr. Worley made on behalf of the Debtor were secured by any asset, tangible or intangible, of the Debtor. Therefore, the payments and loan are presumed to be unsecured.

payments were actual and necessary expenses of preserving the estate as they were the product of post-petition transactions beneficial to the Debtor's operation of business in that they allowed the Debtor to purchase materials for use in the Debtor's business. Therefore, the Court finds the payments to suppliers on behalf of the Debtor are allowable administrative expenses. The payments were made during the pendency of the Chapter 11 case. As such, Mr. Worley is entitled to Chapter 11 administrative expenses in the amount of $2,767.69.

The Court finds the $15,000.00 loan to the Debtor for payment of employee payroll taxes was not in the ordinary course of the Debtor's business. Payroll taxes are an essential cost of conducting business and it should never be ordinary or customary for an agent of a debtor to personally provide for their payment. *See In re Lite Coal Min. Co.*, 122 B.R. 692, 695 (Bankr. N.D.W.Va. 1990) (finding loans made to a debtor for payment of payroll taxes and other day-to-day expenses over a period of two years did not constitute unsecured debt incurred in the ordinary course of business). Inability of the Debtor to independently pay payroll taxes is a significant sign that the Debtor will be unable to propose a feasible plan of reorganization. Where credit is extended out of the ordinary course of business and prior court authorization was not obtained, the lender may be relegated to an unsecured claim. *In re Ohio Valley Amusement Co.*, No. 03-50356, 2008 WL 5062464 at *7 (Bankr. N.D.W.Va. 2008) (quoting 3 *Collier on Bankruptcy* ¶ 364.03[2] (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2008)). Therefore, the $15,000.00 loan does not constitute an allowable administrative claim under § 503(b)(1) and shall be allowed as an unsecured claim.

Accordingly, the Application is **GRANTED** in part and **DENIED** in part. Emory G. Worley shall be entitled to a Chapter 11 administrative expense claim in the amount of $2,767.69 under §

503(b)(1)(A) and is subordinated to Chapter 7 administrative expenses pursuant to 11 U.S.C. § 726(b). The $15,000.00 amount is allowed as an unsecured claim.

**SO ORDERED.**

**END OF DOCUMENT**