**SO ORDERED.**

**SIGNED this 04 day of May, 2012.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

MILLWORK SPECIALTIES, INC.,                    CHAPTER 7
                                               CASE NO. 09-07010-8-RDD
    DEBTOR

ORDER GRANTING IN PART AND DENYING IN PART APPLICATION
FOR ALLOWANCE AND PAYMENT OF AN ADMINISTRATIVE EXPENSE

Pending before the Court is the Application for Allowance and Payment of an Administrative Expense filed by Russell K. Worley on January 25, 2012 (the "Application") and the Response and Objection to Administrative Expenses filed by Stephen L. Beaman the Chapter 7 Trustee, on January 23, 2012 (the "Response"). The Court conducted a hearing on April 25, 2012 in Wilson, North Carolina to consider the Application and the Response.

Millwork Specialties, Inc. (the "Debtor") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") on August 19, 2009. The Debtor's case was converted to a case under Chapter 7 of the Bankruptcy Code on May 10, 2011.

In the Application, Russell K. Worley, requests payment for unpaid wages in the amount of $89,598.11 as an administrative expense. Mr. Worley filed proof of claim number 92 in the Debtor's bankruptcy case seeking payment of $89,598.11. At the hearing, Mr. Worley presented no evidence

as to the time worked or the services rendered for the Debtor. However, Mr. Worley represented to the Court that he was employed by the Debtor during the pendency of the Chapter 11 case. Additionally, the Court approved the employment of Mr. Worley as General Manager and President of the Debtor pursuant to E.D.N.C. LBR 4002-1(c)(1)(A) in the Order Approving Compensation and Employment of Officer entered on October 7, 2009. In that order, the Court authorized compensation of Mr. Worley in the amount of $4,320.00 to be paid on a bi-weekly basis as well as payment of premiums for dental insurance, use of a company cell phone, and use of a company vehicle.

In the Response, the Chapter 7 Trustee argues the Application should be denied because Mr. Worley's act of foregoing wages is akin to a capital contribution from Mr. Worley, who holds a membership interest in the Debtor, and is not entitled to administrative priority. Furthermore, the Chapter 7 Trustee argues that should the Application be granted, any expenses should be treated as Chapter 11 administrative expense claims because all services were rendered prior to the conversion of the Debtor's case to Chapter 7.

The Bankruptcy Code provides for the payment, as an administrative expense, for

> (1)(A) the actual, necessary costs and expenses of preserving the estate, including–
>     (i) wages, salaries, and commissions for services rendered after the commencement of the case;

11 U.S.C. § 503(b)(1)(A)(i). Approval of actual expenses requires a finding that the claim arises from a post-petition transaction between a creditor and the debtor-in-possession. *Merry-Go-Round Enter. Inc. v. Simon DeBartolo Group, L.P.*, 180 F.3d 149, 157 (4th Cir. 1999). To qualify as necessary expenses, the consideration supporting the claimant's right to payment must be beneficial to the debtor-in-possession in the operation of business. *Id.* The party claiming entitlement to an

administrative expense bears the burden of proving the administrative claim is actual and necessary. *Id*.

Based on the plain language of the § 503(b)(1)(A)(i), the Court finds the unpaid wages of Mr. Worley should be treated as administrative expenses and not capital contributions as the Chapter 7 Trustee suggests. While Mr. Worley failed to present any evidence at the hearing, the Court finds expenses for wages of the General Manager and President were actual and necessary to preserving the bankruptcy estate. Under the Fourth Circuit standard, Mr. Worley has an actual claim based on the Court authorization of the employment and compensation of Mr. Worley as an officer of the Debtor through the Order Approving Compensation and Employment of Officer entered on October 7, 2009. The order evidences a post-petition transaction between Mr. Worley and the Debtor. Such expenses were also necessary in that employment and wages of the General Manager and President of the Debtor was essential to the operation of the Debtor's business.

However, the Court finds Mr. Worley failed to prove the amount requested was necessary to the Debtor's operation of business. Mr. Worley provided no evidence of wages received or taxes withheld to allow for calculation of the amount owed to him. There was no evidence presented regarding the number of hours Mr. Worley devoted to the Debtor's business. In addition, Mr. Worley's efforts to effect a successful reorganization failed. Therefore, the Court must make its own determination on the paucity of evidence presented regarding the benefit the Debtor received. The Court finds Mr. Worley failed to show the Debtor received a benefit equivalent to the $89,598.11 requested or that such an amount was necessary to the Debtor's operation of business. Therefore, the Court finds a reduction of the administrative expenses by fifty percent to be reasonable under the circumstances.

Accordingly, the Application for Allowance and Payment of an Administrative Expense is **GRANTED** in part and **DENIED** in part. The Court finds Mr. Worley is entitled to a Chapter 11 administrative expense claim in the amount of $44,799.06 for the actual and necessary expenses of preserving the Debtor's estate during the pendency of the Chapter 11 case. Such a claim is subordinated to Chapter 7 administrative expenses pursuant to 11 U.S.C. § 726(b). The remaining portion of the claim, $44,799.06, is allowed as an unsecured claim.

**SO ORDERED.**

**END OF DOCUMENT**